GAO
United States
General Accounting Office
Washington, D.C. 20548

Office of the General Counsel

# Facsimile Transmission Sheet

Date: **September 23, 2003**

Re: **B-292239.2**
**Integrated Business Systems--Reconsideration**

From: **Christina Sklarew, Esq.**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| Keith Calhoun-Senghor, Esq. | Law Offices | 202 425 4968 | 202 291 4891 |
| David T. Truong, Esq. | National Science Foundation | 703 292 8060 | 703 292 9041 |

**If you have any questions, you can reach me at 202/512-5704 or by email (address: SklarewC@gao.gov ) .**

Number of pages, including this cover sheet: 5
If transmission problems occur, please call Ms. Sklarew. Note that no hard copy will be mailed unless requested. No acknowledgement of this transmission is required.

GAO
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States General Accounting Office
Washington, DC 20548

# Decision

**Matter of:** Integrated Business Solutions, Inc.--Reconsideration

**File:** B-292239.2

**Date:** September 22, 2003

---

**DECISION**

Integrated Business Solutions, Inc. (IBS) asks that we reconsider our decision in Integrated Bus. Solutions, Inc., B-292239, July 9, 2003, 2003 CPD ¶___, in which we denied IBS's protest of the rejection of its proposal under request for proposals (RFP) No. CPO-0200006, issued by the National Science Foundation (NSF) for facilities management services.

We deny the request for reconsideration.

The solicitation, issued on July 17, 2002, established a 36-month core period of performance that would begin on November 15, 2002 and end on November 14, 2005; in addition, it provided that this period could be extended in 12-month award term increments, up to an additional 48 months, based on the agency's satisfaction with overall contract performance. RFP § F.2. IBS submitted a timely proposal, which was among the four offers that NSF included in the competitive range. After conducting discussions with the competitive-range offerors, NSF issued a letter on March 10, 2003, instructing offerors that they could submit final proposal revisions (FPRs) or confirm their initial proposals, and providing questions to consider when preparing FPRs. The letter informed offerors that FPRs would be due by 10:30 a.m. on March 13. The letter also provided RFP Amendment No. 6, which revised the performance dates to begin and end 4-1/2 months later than originally scheduled.

At approximately 10:26 a.m. on March 13, NSF received an e-mail from IBS's subcontractor, requesting a 1-hour extension to the proposal submission deadline, and at 10:30, an e-mail transmission that contained the technical proposal portion of IBS's FPR. This was followed, at 10:32 a.m., by an e-mail containing the cost portion of the firm's FPR. At 11:11 a.m., NSF received a hand-delivered FPR from IBS. According to IBS, the person delivering the FPR told the contracting officer that IBS

had requested an extension of the FPR submission deadline, but orally confirmed IBS's initial proposal and instructed NSF to consider the initial proposal in the event that NSF denied the extension. NSF disputes that any such request was made.

NSF informed IBS that it had rejected the firm's FPR as late and that IBS's initial proposal could not be considered because it did not acknowledge two amendments and had not adequately addressed areas of concern to the technical evaluation panel. IBS filed an agency-level protest, arguing that its FPR was timely submitted and, in the alternative, that the agency's refusal to consider IBS's initial proposal was improper. NSF denied IBS's protest, whereupon IBS filed a protest in our Office, essentially on the same grounds as its agency-level protest. We denied the protest, concluding that (1) the FPR properly was rejected, both because it was late and because the solicitation did not authorize the electronic submission of proposals, and (2) the agency's determination that IBS's initial proposal was ineligible for consideration was proper because IBS had failed to confirm its initial proposal (or acknowledge the amendment) by the deadline, and because, in any event, IBS's submission of its FPR effectively revoked the firm's initial proposal.

In requesting reconsideration, IBS challenges our conclusions regarding the agency's refusal to consider the firm's initial proposal. IBS essentially argues that its FPR submission did not revoke its initial offer because IBS "confirmed" its initial proposal by participating in discussions with the agency before the letter requesting FPRs was issued; that IBS had attempted to "conditionally confirm" it again when it delivered its FPR; that it again attempted to confirm it after the FPR had been rejected; that IBS never expressed an intention to revoke its initial offer; and that Amendment No. 6 was not material and thus IBS's failure to acknowledge it did not render the firm's initial offer ineligible for consideration.

Under our Bid Protest Regulations, to obtain reconsideration the requesting party must set out the factual and legal grounds upon which reversal or modification of the decision is deemed warranted, specifying any errors of law made or information not previously considered. 4 C.F.R. § 21.14(a) (2003). The repetition of arguments made during our consideration of the original protest and disagreement with our decision do not meet this standard. Veda, Inc.--Recon., B-278516.3, B-278516.4, July 8, 1998, 98-2 CPD ¶ 12 at 4.

The crux of IBS's request is the firm's expression of its disagreement with the conclusions in our decision, and the repetition of several of the arguments raised in its protest, along with the characterization of our response to those arguments as legal or factual error. For example, IBS alleges that our decision erred in concluding that the submission of its FPR had the effect of revoking its original offer, asserting that this conclusion is "simply unsupported by the law or facts in this case." Recon. Request at 12. To make this assertion, IBS simply rejects apposite caselaw cited in our decision, e.g., Touchstone Textiles, Inc., B-272230.4, Sept. 5, 1996, 96-2 CPD

¶ 107 at 2, and cites inapposite caselaw.[1] We fully considered IBS's arguments in resolving the firm's protest on this issue; IBS's repetition of them now does not meet our standard for reconsideration.

Similarly, IBS continues to insist that it expressed a clear intent to confirm its initial proposal, and that confirmation could be made at any time, notwithstanding the deadline for the submission of FPRs. IBS argues, for example, that it in fact "confirmed" its initial offer 7 days before the FPR deadline when it met with agency officials to clarify the offer (an event that took place before the agency had requested either an FPR or confirmation of initial proposals, and which therefore is irrelevant here); and that the request for FPRs was "silent" as to any deadline for confirming initial offers, so that confirmation could be made "within a reasonable time" (an argument without legal support). IBS also suggests that confirmation should not have been required in any case, since the unamended solicitation contemplated award based on initial offers (irrelevant in the context of an amended solicitation). These arguments repeat those raised previously and reflect IBS's refusal to accept our conclusions that an offeror had to confirm before the 10:30 a.m. March 13 deadline--and IBS had not--and that the submission of its FPR had the effect of revoking IBS's original offer. On the latter, we pointed out in our decision that the agency's request for FPRs did not give offerors the option of both submitting an FPR and confirming an initial proposal: offerors were instructed that "[i]f no revisions are made to [the firm's] original offer, confirm that the offer remains unchanged." NSF Letter of March 10. It is clear from the protest record that IBS's intention was to replace its initial offer with an FPR, but the firm, failed to do so in a timely manner. As we noted, rather than confirming its initial offer, IBS not only submitted an FPR but in fact has consistently urged NSF to consider its FPR--actions which are inherently inconsistent with any "clear intent" of confirming an initial proposal. These arguments, repeated from the protest, do not demonstrate error in our decision or otherwise satisfy our standard for reconsideration.[2]

The request for reconsideration is denied.

Anthony H. Gamboa
General Counsel

---

[1] IBS relies on PBM Constr., Inc., B-271344, May 8, 1996, 96-1 CPD ¶ 216, in which we affirmed the propriety of accepting a bid after a failed attempt at modification. In a sealed bid procurement, however, a bid is not subject to withdrawal absent a bona fide mistake, which is not the case in a negotiated procurement like the one here.

[2] Since IBS has shown no error in our conclusions as noted above, we need not address IBS's other arguments, such as the propriety of the agency's determination that IBS's initial proposal was also rendered ineligible because it failed to acknowledge amendments.